# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) JUDGE JAMES GWIN |
| v. | )<br>) |
| | ) CASE NO. 23-CV-1853 |
| MATTHEW M. MOTIL,<br>NORTH SHORE EQUITY SALES, LLC, d/b/a<br>THE MARIE PAUL COMPANY,<br>NORTH SHORE EQUITY MANAGEMENT, LLC; | )<br>)<br>) **STATUS REPORT &**<br>) **UNOPPOSED MOTION TO**<br>) **EXTEND STAY** |
| Defendants, | )<br>) |
| AMY DOUBRAVA MOTIL, | )<br>) |
| Relief Defendant. | ) |

Now come Defendants Matthew M. Motil ("Mr. Motil"), North Shore Equity Sales, LLC, d/b/a The Marie Paul Company ("MPC") and North Shore Equity Management, LLC ("North Shore Management" and together, with MPC, the "Companies"), by and through their counsel, and hereby respectfully provide the Court with this status report and Motion to Extend Stay.

On September 25, 2023, the SEC filed a complaint alleging Defendants violated Sections 5(a), 5(c) and 17(a) of the Securities Act and Section 10(b) and Rule 10b-5 of the Exchange Act. (*See* Complaint, ECF No. 1). Around that same time, Mr. Motil was expressly identified as the target of a criminal investigation by the U.S. Attorney's Office for the Northern District of Ohio for the same alleged conduct that gave rise to the SEC's complaint. To protect Defendants' Fifth Amendment right against self-incrimination, among other requested relief, Defendants filed an unopposed Motion to Stay the SEC's case on November 15, 2023. (*See* Unopposed Mot. to Stay, ECF No. 7, "Motion to Stay"). On November 20, 2023, this Court granted that Motion to Stay

with an expiration date of January 12, 2024. In doing so, the Court ordered the parties to file a joint status report on or before January 5, 2024.

Since the entry of the Court's stay order, Defendants' counsel has been working diligently to seek to resolve the criminal investigation against Mr. Motil. Defense counsel met with Government prosecutors and agents on November 29, 2023. During that productive meeting and in subsequent correspondence, the Government confirmed that (a) Mr. Motil is the target of a criminal investigation surrounding the same conduct alleged by the SEC, (b) the Government is interested in working towards a resolution with Mr. Motil, and (c) absent a negotiated resolution, the Government intends to present charges to a federal grand jury. Since that meeting, Defendants' counsel has requested pertinent information from the Government's investigation to work effectively and efficiently towards a potential resolution. The Government has agreed to provide this information. Unfortunately, due to the holidays and various illnesses, the Government did not provide this information until January 3, 2024. This information includes, among other things, summaries of investor interviews conducted by the Government, an overview of several properties involved in the alleged scheme, an outline of facts the Government believes support various criminal charges, and documents used to calculate the total loss amount and to illustrate the flow of investors' funds. For these reasons, and to provide Defendants and their counsel sufficient time to review this recently provided information and seek to resolve the criminal investigation, Defendants seek to extend the stay in this case for an additional sixty (60) days, until March 4, 2024.

The concerns outlined in the unopposed Motion to Stay remain today. Defendants' Fifth Amendment rights against self-incrimination are threatened if the criminal matter and this case were to proceed simultaneously. Defendants are unable to adequately defend themselves in both

the civil and criminal context when asserting their Fifth Amendment right against self-incrimination in either case can have such a detrimental impact on the other.

Not only would a brief stay protect the Defendants, but it would also benefit this Court and the SEC as well. Allowing the criminal matter to be resolved first promotes judicial economy and aids the SEC (and potential victims) by reducing the amount of time and resources required to litigate this case. Moreover, the SEC's interests would remain unphased by an additional stay as Mr. Motil's assets remain in receivership and his businesses have been terminated.

Defense counsel conferred with the SEC regarding this requested extension, and the SEC's counsel has confirmed the SEC is not opposed to this Motion to Extend. The Government has also expressly confirmed to defense counsel that it is unopposed to an extension of the stay in this case. Finally, Mr. Motil's wife, Defendant Amy Doubrava Motil, also consents to the extension of the stay in this matter for all the reasons stated herein and in the original unopposed Motion to Stay.

It is the objective of all parties to resolve the criminal matter as quickly and efficiently as possible, while simultaneously protecting the interests and rights of all. Thus, to achieve this common goal, a sixty (60) days extension of the stay should be granted.[1]

Respectfully submitted,

/s/ *Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
Olivia S. Gipson (OH: 0101178)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Tel./Fax: (216) 367-2094
paul@flannerygeorgalis.com
ogipson@flannerygeorgalis.com

*Attorneys for Defendants*

---

[1] If this Motion is denied, Defendants, by and through their counsel, request to file an Answer to the Complaint twenty-one (21) days from the date the denial is ordered.

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ *Paul M. Flannery*
Paul M. Flannery