# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) JUDGE JACK ZOUHARY |
| v. | )<br>) CASE NO. 1:23-CV-01853 |
| MATTHEW M. MOTIL,<br>NORTH SHORE EQUITY SALES, LLC, d/b/a<br>THE MARIE PAUL COMPANY,<br>NORTH SHORE EQUITY MANAGEMENT,<br>LLC, | )<br>)<br>) **JOINT STATUS REPORT**<br>)<br>) |
| Defendants, | ) |
| AMY DOUBRAVA MOTIL, | ) |
| Relief Defendant. | ) |

Now come Defendants Matthew M. Motil ("Mr. Motil"), North Shore Equity Sales, LLC, d/b/a The Marie Paul Company ("MPC"), North Shore Equity Management, LLC ("North Shore Management," and together with MPC, the "Companies," and together with Mr. Motil, the "Motil Defendants") and Relief Defendant Amy Doubrava Motil ("Mrs. Motil," and together with Mr. Motil and the Companies, the "Defendants") by and through their respective undersigned counsel, and hereby respectfully provide the Court with this status report.

The Securities and Exchange Commission ("SEC") filed its Complaint commencing this case on September 25, 2023. (ECF No. 1.) The Complaint alleges that Mr. Motil, through the operations of the Companies, told investors he could earn them substantial returns by investing their money in "short-term, low-risk, and high-return promissory notes supposedly fully collateralized by first mortgages on residential real estate located throughout Ohio." (*Id.* at ¶ 1.) According to the Complaint, Mr. Motil, operating through the Companies, raised over $11 million from more than 60 investors across the United States. (*Id.* at ¶ 3.)

Since in or around August 2023, the U.S. Attorney's Office for the Northern District of Ohio, with its law enforcement partners, has been investigating Mr. Motil for essentially the same conduct alleged in the Complaint. This civil case and the criminal investigation involve nearly identical underlying conduct, as the factual allegations in the matters almost completely overlap. Understanding this relationship, during this case's last status conference before the Honorable James S. Gwin, the Court ordered a stay in this matter because Mr. Motil was expected to be entering a guilty plea to related criminal charges and criminal restitution is expected to be ordered. (*See* Docket Entry dated August 14, 2024.) The SEC concurred with this approach of seeking a stay as the criminal case progresses, noting that any final criminal restitution amount will directly affect the amount of disgorgement, if any, sought from Mrs. Motil, and therefore, whether the SEC could agree to release Mrs. Motil from this case without prejudice. The Motil Defendants, for their part, have always been clear that following certain resolutions in the criminal case (such as a determination of restitution), the Motil Defendants are inclined to seek to negotiate a stipulated consent judgment with the SEC to resolve this case.

On September 5, 2024, Mr. Motil pleaded guilty to a two-count Information charging one count of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5, and one count of Wire Fraud, in violation of 18 U.S.C. § 1343. (*See* Information, ECF No. 1; Plea Agreement, ECF No. 10, *United States v. Matthew Motil,* Case No. 1:24-CR-00289 (N.D. Ohio).) Mr. Motil's sentencing hearing is currently scheduled for December 12, 2024.

The Plea Agreement contemplates that the sentencing court will impose restitution, as calculated by the court, for any losses caused by Mr. Motil. (*See* Plea Agreement at ¶ 24-26.) The process of calculating the correct restitution amount is currently underway. The results of the receiver's work in *Rehn v. INVCLE150, LLC et al.*, Case No. CV-21-947601 (Cuyahoga County, Ohio C.P. 2021) are a significant factor in calculating restitution in Mr. Motil's criminal case

because the receiver controls the portfolio of properties the Motil Defendants purchased with investor funds. To date, over $4 million has been obtained for investors via the sale of various properties under receivership. As the receiver continues to sell properties, additional funds will be obtained and returned to investors, thereby further reducing any restitution amount that Mr. Motil may be ordered to pay in the criminal case.

To continue to preserve party resources, to maximize recovery to investors, and to promote judicial economy, the Defendants respectfully request that this Court continue to stay this case until the criminal sentencing occurs, on or after December 12, 2024.

Defendants have conferred with counsel for the SEC regarding this requested relief, and the SEC consents to, and joins in this request. The Defendants assert that they will continue to provide this Court, and all parties, with updates on the progress of the criminal case and any other issues that may affect the resolution of this matter.

Respectfully submitted,

/s/ *Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
Olivia S. Gipson (OH: 0101178)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Tel./Fax: (216) 367-2094
paul@flannerygeorgalis.com
ogipson@flannerygeorgalis.com
*Attorneys for Motil Defendants*

/s/ *James R. Wooley*
James R. Wooley (OH: 0033850)
Henry J. Hilow (OH: 0019601)
**Hilow & Spellacy**
323 W. Lakeside Ave., Suite 2500
Cleveland, OH 44113
Phone: 216-344-9220
jwooley@mghslaw.com
hhilow@mghslaw.com
*Attorneys for Relief Defendant Amy Doubrava Motil*

3

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 7, 2024, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                           */s/ Paul M. Flannery*
                                           Paul M. Flannery (OH: 0091480)