UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br> v.<br><br>MATTHEW M. MOTIL, *et al.*,<br><br>       Defendants. | Case No. 23-CV-1853 (JZ) |

**CONSENT MOTION TO ENTER FINAL JUDGMENT AS TO DEFENDANT<br>MATTHEW M. MOTIL**

  Plaintiff Securities and Exchange Commission ("SEC"), with the consent of Defendant Matthew M. Motil (hereinafter the "Moving Defendant" or "Defendant Motil"), hereby moves the Court to enter a Final Judgment as to the Moving Defendant.

  The SEC filed this action on September 25, 2023. (ECF No. 1.) Defendant Motil, Defendant North Shore Equity Sales, LLC, and Defendant North Shore Equity Management, LLC, filed an answer on February 12, 2024. (ECF No. 9.) Relief Defendant Amy Motil filed an answer on February 29, 2024. (ECF No. 11.) On August 14, 2024, the Court granted the defendants' unopposed motion to stay these proceedings pending the final resolution of Defendant Motil's related criminal proceeding, *United States v. Motil*, 1:24-CR-289. The criminal matter has now concluded, and Defendant Motil has been sentenced. The SEC and counsel for the Moving Defendant met, conferred, and reached a settlement that resolves this matter as to the Moving Defendant. Defendant Motil's signed Consent as to the entry of a Final Judgment is attached to this motion as Exhibit 1. An executed Side Letter containing a minor modification to the terms of that Final Judgment is attached to this motion as Exhibit 2. The

1

SEC, with the consent of the Moving Defendant, requests that the Court enter a Final Judgment reflecting this settlement. The SEC, Defendant North Shore Equity Sales, LLC, Defendant North Shore Equity Management, LLC, and Relief Defendant Amy Motil are separately filing a Joint Stipulation of Dismissal that will completely resolve this matter.

The proposed Final Judgment as to Defendant Motil is attached as Exhibit 3. In brief, it includes the following relief:[1]

1) it enjoins Motil from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 thereunder, and Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act");

2) it enjoins Motil from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security provided, however, that such injunction shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal account; and

3) it finds that Motil is liable for disgorgement of $2,967,535 and prejudgment interest thereon in the amount of $340,395.77, but deems his obligation to make those payments satisfied by the entry of the restitution order in the related criminal proceeding.

The parties jointly request that the Court enter the proposed Final Judgment as to the Moving Defendant. Defendant Motil has consented to this proposed Final Judgment, and counsel for the Moving Defendant has reviewed the Consent, Side Letter, and proposed Final Judgment and has signed the Consent to reflect his approval as to form.

---

[1] The full terms of the proposed Final Judgment are set forth in Exhibit 3, and nothing in this motion alters any terms of that Final Judgment.

## CONCLUSION

Accordingly, for the reasons set forth above, the parties jointly request that the Court enter the proposed Final Judgment as to Defendant Motil.

Dated:  January 12, 2026 	Respectfully submitted,

*/s/ John B. Timmer*

John B. Timmer
U.S. SECURITIES AND
EXCHANGE COMMISSION
Division of Enforcement
100 F Street, N.E.
Washington, DC  20549
(202) 735-4974 (Timmer)
TimmerJ@SEC.gov

*Counsel for Plaintiff*
*U.S. Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I filed a copy of the foregoing using this Court's CM/ECF system, thereby causing a copy of the document to be served on all parties of record who have registered for ECF filing.

*/s/ John B. Timmer*
John B. Timmer